[Hudgins, Judge of Probate v. State *ex. rel.* A. T. Hicks & Co.]

# Hudgins, Judge of Probate *v.* State *ex. rel.* A. T. Hicks & Co.

*Mandamus to Compel Probate Judge to Issue License to Sell Liquor.*

(DECIDED DEC. 21, 1905, 39 So. REP. 717.)

1. *Local Statutes; Constitutionality of Passage; Notice of Intention to introduce* —An act approved September 28, 1903 (Local acts 1903, p. 392) relating to sale of iquor in Pickens county, Alabama, is repugnant to the constitution, on account of failure to comply with § 106 relative to notice.

2. *Mandamus; Costs; Officers Liable.*—A Probate Judge is properly taxed with the costs of mandamus proceedings brought to compel him to issue license to sell liquors which he has wrongfully refused to issue.

APPEAL from Pickens Circuit Court.

Heard before Hon. S. H. SPROTT.

Mandamus by the state on the relation of A. L. Hicks & Co., to compel Hudgins as judge of probate to issue relator a license to sell liquors in the town of Gordo, Pickens county, Ala.

The petition alleges that Gordo is a town of less than 1000 inhabitants; that petitioners presented to the judge of probate a recommendation in writing, signed by more than 20 respectable householders and freeholders living within the corporate limits of the town of Gordo, Pickens county, who certified that the petitioners were of good moral character, and in all respects proper persons to be licensed to sell liquor; that they made and tendered to said judge of probate at the time they applied for license the affidavit required by section 3521 of the Code of 1896; that they tendered the said judge of probate, at the time they applied for said license the sum of $350. the amount of license required by the State and county; and that said judge of probate refused to issue said license.

The judge of probate answered justifying his course under the provisions of an act approved Sept. 28th, 1903, which was made a part of the answer. Relators attacked the act as unconstitutional and void, being violative of Section 106 of the constitution of 1901. The court granted the petition and made the writ peremptory, and assessed the cost of the proceedings against the judge of probate.

M. B. CURRY and I. R. HINTON, for appellant.—The provisions of the act is a complete answer to the petition, and the act is not violative of section 106 of the constitution.—*Laws v. The State*, 38 So. 798; *Covington v. Thompson*, 37 So. Rep. 321. The officer was mandamused to compel him to take action as such officer and the court improperly adjudged costs against him.—*Bryan v. McDuffie*, 52 Ala. 4.

WILLETT & WILLETT and FOSTER, OLIVER, COX & COX, for appellee.—No brief came to the reporter's hands.

SIMPSON, J.—This was an application for license to sell liquor in Pickens county, which was refused because of the provisions of the act of the Legislature approved September 28, 1903. Loc. Acts 1903, p. 392. The notice given of intention to introduce said act is as follows: "To whom it May Concern: A bill will be introduced in the present session of the Legislature of Alabama to prohibit the sale of spirituous, vinous or malt liquors outside of an incorporated town in Pickens county, Alabama, on and after the first day of January, 1904, provided that such spirituous, vinous or malt liquors shall not be sold in any incorporated town in said county unless a majority of all the legally qualified voters of the election precinct in which such incorporated town is situated shall be in favor of such sale at an election to be held in such precinct to determine the question of sale or no sale." The act is entitled: "An act to regulate the license and sale of spirituous or malt liquors in Pickens county, Ala." Nothing is said in the act about prohibiting the sale "outside of an incorporated town. On

[Goodwyn, Judge of Probate v. Sherer *et al.*]

the contrary, provision is made for issuing license in any part of said county, without regard to whether it is in an incorporated town or not. No provision is made for an election; but, on the contrary the license is to be issued on petition signed by a majority of the qualified voters in the precinct. It is true that, in general terms, the word "election" may be said to be "the act of choosing; choice; the act of electing one or more from others; power of choosing or selecting." Webster's Dictionary. Yet "an election to be held in such precinct," according to the custom of this state, has a certain definite meaning which does not include a choice by petition. It results that the act in question is void on account of the failure to comply with section 106 of the Constitution.

There was no error in taxing the costs against the appellant.

The judgment of the court is affirmed.

TYSON, ANDERSON, and DENSON, JJ., concur.